**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

IVOR GORDON,                          *
ADC #134141                           *
                                      *
          Petitioner,                 *
v.                                    *          No. 5:19cv00076-BSM-JJV
                                      *
DEXTER PAYNE, Director,               *
Arkansas Division of Correction[1],   *
                                      *
          Respondent.                 *

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

---

[1] Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent should be named as the state officer who has custody of the petitioner. Therefore, Dexter Payne, Director of the Arkansas Division of Correction, is the appropriately named respondent, and the Clerk is directed to amend the docket to substitute him in place of Wendy Kelley.  *See* Ark. Code Ann. § 12-27-101(a)(1) (establishing the Division of Correction to "assume the custody, control, and management of the state penitentiary" and "provide for the custody, treatment, rehabilitation, and restoration of adult offenders").

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and A Statement of Necessity to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## <u>DISPOSITION</u>

### I.    BACKGROUND

On March 1, 2013, a Pulaski County jury convicted Ivor Gordon of capital murder and criminal attempt to commit capital murder after he was promised $470 and a 2002 Chevrolet Suburban to perform a hit. *Gordon v. State*, 470 S.W.3d 673, 674 (2015).  The court imposed two sentences of life imprisonment without the possibility of parole. *Id*.  He appealed and the Arkansas Supreme Court affirmed.  The Court briefly recited the facts of the case as follows:

> This is a murder-for-hire case. According to Gordon's statement to police, which was introduced at trial, he was hired by Danny Brown to kill Brown's ex-girlfriend and mother of his two children, Edwina Martin. On January 3, 2012, Gordon and Quentin Jones waited for Martin outside her mother's apartment on Green Mountain Drive in Little Rock. When she and her boyfriend, Daniel Hill, arrived,

Gordon and Jones followed them inside the apartment; Martin's mother and ten-year-old nephew were also present. Gordon shot Martin with a .40 Taurus, but Hill then tackled Gordon and got his gun. At that point, Jones shot Hill in the head. Ultimately, Hill was killed and Martin was shot in the chest and hip but survived her injuries. Gordon was paid $250 before the shooting, and he received a 2002 Chevrolet Suburban and an additional payment of $220 after the shooting. Phone records and video from a Wal–Mart parking lot surveillance camera confirmed that Gordon had been in phone contact with Danny Brown and that he had picked up the Suburban; pay stubs belonging to Brown were found in the vehicle. Both Edwina Martin and her nephew identified Gordon in a photo line-up.

At trial, Gordon's counsel admitted that Gordon and Jones had shot the victims and did not challenge the sufficiency of the evidence; the defense strategy was to convince the jury that Gordon was not guilty of capital murder but, instead, of first- or second-degree murder. The jury found Gordon guilty of capital murder and criminal attempt to commit capital murder, with the above-noted enhancements, the court sentenced him, and he filed a timely notice of appeal on March 14, 2013.

*Gordon v. State*, 2015 Ark. 344, 2–3, 470 S.W.3d 673, 674–75 (2015).

On December 16, 2015, Mr. Gordon, claiming ineffective assistance of counsel at trial, filed a timely petition seeking post-conviction relief under Arkansas Rule of Criminal Procedure 37. (Doc. No 7 at 2.) The Pulaski County Circuit Court denied relief. (*Id*.) On March 8, 2018, the Supreme Court of Arkansas affirmed the trial court's dismissal of his Rule 37 petition. *Gordon v. State*, 2018 Ark. 73, 2, 539 S.W.3d 586, 590 (2018).

Mr. Gordon filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 25, 2019. (Doc. No. 2.) In it, he makes the same arguments he made in his Rule 37 petition. Namely, he argues he had ineffective assistance of counsel at trial because his lawyer: (1) neglected to object and file a pretrial motion to suppress a Miranda rights form and custodial statement; (2) performed inadequate pre-trial investigation by failing to investigate the circumstances of the case; (3) failed to interview Quenton Jones as a witness; and (4) failed to call co-defendant Quenton Jones as a witness to testify at trial. (Doc. No. 2 at 5-10.)

After careful consideration of the Petition and Response, for the following reasons, I find

the Petition to be without merit.  Therefore, it should be dismissed.

## II.    STANDARD OF REVIEW

In the interests of finality and federalism, federal habeas courts, under the Antiterrorism

and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential

review of underlying state court decisions."  *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005);

*Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).  Under this statute, federal review of underlying

state court decisions is limited because federal courts may only grant habeas relief if the claim was

adjudicated on the merits in the state court proceeding and the state court's decision:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court

arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or

if the state court decides a case differently than [the United States Supreme] Court has on a set of

materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); see also

*Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007).  A decision involves an unreasonable

application of federal law when the state court "identifies the correct governing legal principle

from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the

prisoner's case."  *Williams*, 529 U.S. at 413.  Under subsection (d)(2), a state court decision will

be based on an "unreasonable determination of the facts in light of the evidence presented . . . only

4

if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003).

A state court's application of clearly established federal law must be objectively unreasonable, and not merely incorrect, in order for relief to issue. *Williams*, 529 U.S. at 404-05. Relief under § 2254(d) is authorized only when the petitioner can demonstrate the state court's ruling on the claim being presented was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement. *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 786-787 (2011).

## III.    ANALYSIS

In *Strickland v. Washington*, the United States Supreme Court established a two-element test for analyzing ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668 at 687 (1984).

Under the two-prong *Strickland* test, the benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. Furthermore, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test . . ." *Id.* at 693 (citations omitted). "Courts also consider 'whether the result

of the proceeding was fundamentally unfair or unreliable.'" *White v. U.S.*, 341 F.3d 673, 677 (8th Cir. 2003) (quoting *Lockart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Mr. Gordon's Petition is largely devoid of evidence to support his four claims of ineffective assistance of counsel. Rule 2(c) of the Rules Governing 2254 Cases in the United States District Courts requires the petition to "state the facts supporting each ground." This must include the "specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified." *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Mr. Gordon's conclusory allegations of ineffective assistance here are neither specific nor particularized. Nevertheless, the Arkansas Supreme Court evaluated the viability of each claim and found them all meritless.

After careful review of the record, I conclude that the Arkansas Supreme Court's findings did not unreasonably apply federal law on any point. In reviewing an ineffective assistance of counsel claim under the "unreasonable application" clause of § 2254(d)(1), "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). The court reasonably applied the *Strickland* standard to the facts of Mr. Gordon's case, and properly adjudicated the claims he raises again in the instant Petition.

After reviewing his first claim that his counsel was ineffective for neglecting to file a motion to suppress the *Miranda* rights form and custodial statement, the Arkansas Supreme Court found Mr. Gordon's attorney had no basis for suppression. The court held:

> Here, although Gordon contends that the recording of his custodial interview was stopped at his request because he invoked his right to remain silent, the record from the direct appeal indicates otherwise. Prior to the recording being stopped for the first time, Detective John White and Detective DeWanna Phillips confirmed Gordon's basic information, that he had been read his *Miranda* rights, that he was able to read and write, that he had not been threatened or promised anything, that

he could stop the interview at any point, and that he had signed the waiver form. After confirming this information, Detective White asked Gordon, "You saying you don't want to record it now?" Gordon responded by stating, "I don't want it recorded." Detective White turned off the recording, and after a few minutes, the second recording was made. Detective White acknowledged on the second recording that they took a break from recording because Gordon had concerns about the safety of his family and that Gordon wished the interview "would be sealed until ... [p]eople were picked up." These recordings were played at trial.

The trial court found that there was no evidence in the record to suggest that Gordon was not properly advised of his rights or that he did not give a knowing and intelligent waiver of those rights. The trial court further found that Gordon's argument disregarded that two eyewitnesses had identified him, and that he was not entitled to relief.

Here, the record demonstrates that Gordon admitted he committed the offenses, and the eyewitness testimony confirmed that he committed the offenses notwithstanding the admission of his statements. The record further demonstrates that Gordon did not invoke his right to remain silent. Gordon simply requested that his statement not be recorded at that time, which does not rise to the level of an invocation of his right to remain silent. *See Sykes v. State*, 2009 Ark. 522, 357 S.W.3d 882 (The right to remain silent must be made unequivocally.); *see also Standridge v. State*, 329 Ark. 473, 951 S.W.2d 299 (1997) (defendant stating that he was not ready to talk but then immediately continued to answer questions of the police officers was not invocation of right to remain silent). Further, failure to make a meritless objection or motion does not constitute ineffective assistance of counsel. *Greene*, 356 Ark. 59, 146 S.W.3d 871. Therefore, based on the discussion above, we do not find merit in Gordon's argument and affirm the circuit court.

*Gordon*, 2018 Ark. 73 at 6–8, 539 S.W.3d at 592–93.

Citing well settled law, the court concluded that Mr. Gordon's request to not be recorded could not be construed as an unequivocal invocation of his right to remain silent. Consequently, I cannot find the Arkansas Supreme Court's decision to be an unreasonable one and recommend this claim be dismissed.

Similarly, the court found Mr. Gordon's allegation concerning a lack of pretrial investigation from his trial counsel to be meritless. The court said:

For his second point on appeal, Gordon asserts that his trial counsel was ineffective for failing to conduct an adequate pretrial investigation. A petitioner under Rule 37.1 who alleges ineffective assistance of counsel for failure to perform an adequate investigation must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific material that would have been uncovered with further investigation could have changed the outcome of the trial. *Young v. State*, 2015 Ark. 65, 2015 WL 854754. Neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption and cannot provide a basis for postconviction relief. *Wertz v. State*, 2014 Ark. 240, 434 S.W.3d 895. General assertions that counsel did not aggressively prepare for trial are not sufficient to establish a claim of ineffective assistance of counsel. *Id.*

On appeal, Gordon argues that trial counsel was ineffective for failing to properly and fully investigate the circumstances of his case. Specifically, he argues that trial counsel should have known that "former co-defendant Danny Brown and Quenton Jones was [sic] never involved in this crime, therefore fully putting to the test the Capital Murder charges against Appellant Ivor Gordon." He further argues that counsel did not challenge credibility issues regarding Martin and Brown, did not question their marriage, and failed to "demonstrate that an employer never existed."

Gordon has enlarged on and embellished many of his allegations contained in his Rule 37.1 petition, including his claims regarding trial counsel's failure to conduct a proper pretrial investigation. In his Rule 37.1 petition, Gordon simply argued that trial counsel was ineffective for failing to adequately conduct a pretrial investigation. To the extent Gordon has added factual substantiation to his arguments, we are precluded from addressing them on appeal. *Woods v. State*, 342 Ark. 89, 27 S.W.3d 367 (2000). An appellant in a Rule 37.1 proceeding is limited to the scope and nature of his or her arguments below, and he or she cannot raise new arguments on appeal. *Tester v. State*, 342 Ark. 549, 30 S.W.3d 99 (2000).

With regard to Gordon's claim that trial counsel failed to conduct an adequate pretrial investigation, the claim was conclusory and lacked the factual substantiation necessary to overcome the presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and this argument could not provide a basis for postconviction relief. *Wertz*, 2014 Ark. 240, 434 S.W.3d 895. Gordon arguably did raise the issue of the marriage between Martin and Brown when he argued that trial counsel was ineffective for failing to interview or call witnesses in his Rule 37.1 petition, yet the allegation is conclusory at best. Gordon makes no allegation as to how that information would have changed the outcome of his trial or how he was prejudiced by counsel's failure to further conduct any pretrial investigation. *Wertz*, 2014 Ark. 240, 434 S.W.3d 895. Conclusory allegations that are unsupported by facts do not provide a basis for either an evidentiary hearing or postconviction relief. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. Therefore, we do not find merit in Gordon's argument and affirm the circuit court.

*Gordon*, 2018 Ark. 73 at 8–10, 539 S.W.3d at 593–94.

Given the facts included in the record, it is easy to arrive at the conclusion Mr. Gordon's attorney had ample preparation for this trial.  The Arkansas Supreme Court noted that Mr. Gordon's claims were conclusory and the same is true of Mr. Gordon's instant Petition.  Without evidence to the contrary from Mr. Gordon, I find nothing in the record to indicate a lack of pretrial investigation by his trial attorney.  In any case, I find the ruling of the Arkansas Supreme Court to be a reasonable one and recommend this claim be dismissed.

With regard to Petitioner's claims about his counsel's decision to not interview Quenton Jones (Claim 3), the court held:

> For his third point on appeal, Gordon contends that his trial counsel was ineffective when he failed to interview witnesses and codefendants. Regarding trial counsel's decision whether to interview or call a witness, such matters are generally trial strategy and outside the purview of Rule 37.1. *Wertz*, 2014 Ark. 240, 434 S.W.3d 895. Where a petitioner alleges ineffective assistance of counsel for failure to interview or call a witness, it is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Id*. In order to demonstrate prejudice, the petitioner is required to establish that there was a reasonable probability that, had counsel performed further investigation and presented the witness, the outcome of the trial would have been different. *Id*. When assessing counsel's decision not to call a particular witness, we must take into account that the decision is largely a matter of professional judgment, and the fact that there was a witness or witnesses who could have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000).
>
> In his petition, Gordon alleged that his trial counsel was ineffective for failing to interview witnesses and codefendants. Specifically, Gordon contends that had counsel interviewed Jones, his codefendant, counsel would have determined that Jones was innocent and that Jones pleaded guilty only because Gordon threatened Jones, which 19 "disprove[s] the State's case-in-chief of a premeditated murder for hire." Further, in his Rule 37.1 petition, Gordon argued that trial counsel was ineffective for failing to support his theory of defense because he failed to interview witnesses, and look into statements and notes that were a part of the record. Gordon further argued below that trial counsel was ineffective for failing to call or interview Danny Brown, Quentin Jones, and T. Brown, and counsel's failure to "test the [S]tate's case in this fashion left [Gordon] without a defense to Capital Murder."

Here, Gordon failed to provide a summary of the witnesses' testimony and establish that the testimony would have been admissible. See *Wertz*, 2014 Ark. 240, 434 S.W.3d 895. Gordon has failed to demonstrate that had counsel performed any further investigation and presented the witness or witnesses, the outcome of the trial would have been different. Further, Gordon has gone beyond the scope of his argument made below. An appellant is limited to the scope and nature of the arguments made below, and he or she cannot raise new arguments on appeal or add factual substantiation to the allegations made below. *Woods*, 342 Ark. 89, 27 S.W.3d 367. We affirm the circuit court on this point.

*Gordon*, 2018 Ark. 73 at 10–12, 539 S.W.3d at 594–95.

The court's holding is correct. I do not find this to be an unreasonable application of *Strickland* and find his claim should be dismissed.

Lastly, Petitioner's claim regarding his counsel's decision to not call Quenton Jones as witness (Claim 4) is also meritless. The Arkansas Supreme Court aptly concluded:

For his fourth point on appeal, Gordon contends that his trial counsel was ineffective by not calling witnesses to testify at trial. Gordon contends that trial counsel was ineffective for not introducing Jones, a codefendant, as a possible witness to the jury, which precluded Jones from being called as a witness. The trial court found that Gordon failed to provide any information as to the testimony Jones would offer and that the decision to call a witness was a matter of trial strategy.

At trial, Gordon's trial counsel admitted that Gordon and Jones had shot the victims and did not challenge the sufficiency of the evidence. *Gordon*, 2015 Ark. 344, 470 S.W.3d 673. The defense strategy was to convince the jury that Gordon was not guilty of capital murder but, instead, of first- or second-degree murder. *Id.* From a review of the record, the colloquy that ensued regarding Jones as a witness focused on the fact that Jones was not introduced to the jury during voir dire as a potential witness and that the purpose in calling him would be to "corroborate" Gordon's custodial statement. Jones's testimony would not have been used to refute evidence of the offenses but rather to bolster Gordon's statement. Further, even if counsel had been deficient by failing to introduce Jones as a witness to the jury during voir dire, Gordon fails to demonstrate he was prejudiced by the inability to call a witness to corroborate his own custodial statement. Moreover, Gordon fails to provide a summary of Jones's testimony or to show that it would have been otherwise admissible had Jones been permitted to testify. See *Wertz*, 2014 Ark. 240, 434 S.W.3d 895. Accordingly, Gordon has failed to establish that there was a reasonable probability that, had trial counsel properly introduced Jones as a witness to the jury, the outcome of the trial would have been different. *Van Winkle*, 2016 Ark. 98, 486 S.W.3d 778.

*Gordon*, 2018 Ark. 73 at 12–13, 539 S.W.3d at 595.

The outcome of this case is hard to question, especially given Mr. Gordon's extremely detailed admission of guilt. (Doc. No. 7-9 at 50-91.) Mr. Gordon's attorney seemed to have given every effort he could to Mr. Gordon's case while acting within the scope of the law. Accordingly, I find no constitutional question and recommend this Petition be dismissed.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Gordon's claims that his counsel was ineffective are wholly without merit, and he has failed to make a showing that his constitutional rights were violated. Therefore, a certificate of appealability should not be issued.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Mr. Gordon's Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED and the requested relief be DENIED; and

2.    A certificate of appealability not be issued.

DATED this 5th day of September 2019.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE